# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID BELLO,

    Petitioner/Plaintiff,

v.

STATE OF NEVADA, et al.,

    Respondents/Defendants.

Case No.: 2:25-cv-01705-RFB-NJK

**Order**

**I.    DISCUSSION**

David Bello initiated this lawsuit by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at the Clark County Detention Center ("CCDC"). Docket No. 1-1.  He also filed a motion to withdraw his guilty plea and a motion to dismiss counsel and appoint alternate counsel.  Docket Nos. 1-3, 1-4.  A couple of weeks later, Bello moved into the custody of the Nevada Department of Corrections ("NDOC") and filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983.  Docket Nos. 3, 4.  Bello has not paid a filing fee and has not submitted an application to proceed *in forma pauperis*.  *See* Docket No. 1.

Bello cannot pursue both types of actions in the same case.  *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").  Bello may pursue either his § 1983 complaint <u>or</u> his habeas petition in this case but not both.  He may file the other action in a separate case.

1

No later than November 14, 2025, Bello must file a notice with the Court indicating whether he: (1) wishes to pursue his § 1983 first amended civil rights complaint (Docket No. 4) and strike his habeas petition and related motions (Docket Nos. 1-1, 1-3, 1-4) in this case; <u>or</u> (2) strike his § 1983 first amended civil rights complaint (Docket No. 4) and pursue his habeas petition and related motions in this case.  If Bello does not designate one of these options, the Court will dismiss the entire case without prejudice because Bello cannot proceed simultaneously on both his § 1983 first amended complaint and habeas petition in the same case.

Additionally, Bello must either pay the full filing fee for this action or file a fully complete application to proceed *in forma pauperis* on this Court's approved form and submit the required attachments by December 12, 2025, or face possible dismissal of this action.  For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.  *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2.

## II. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that, no later than **December 12, 2025,** Bello must either pay the full filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

IT IS FURTHER ORDERED that, if Bello fails to file a fully complete application to proceed *in forma pauperis* by the deadline, the Court will recommend dismissing this case without prejudice.

IT IS FURTHER ORDERED that, no later than **November 14, 2025**, Bello must file a notice with the Court indicating whether he: (1) wishes to pursue his § 1983 first amended civil rights complaint (Docket No. 4) and strike his habeas petition and related motions (Docket Nos. 1-1, 1-3, 1-4) in this case; or (2) strike his § 1983 first amended civil rights complaint (Docket No. 4) and pursue his habeas petition and related motions in this case.

IT IS FURTHER ORDERED that, if Bello fails to inform the Court whether he is pursuing his § 1983 first amended civil rights complaint or habeas petition in this case, the Court will dismiss the entire case without prejudice because Bello cannot pursue both actions simultaneously in the same case.

The Clerk of the Court is **INSTRUCTED** to send Bello the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same.

IT IS SO ORDERED.

DATED: October 16, 2025.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE